**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERIC Z. HOWELL, | ) | CASE NO. 5:16 cv 2309 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| SHERIFF STEVE BARRY, *et al.*, | ) | |
| | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Eric Howell, a prisoner in the Summit County Jail, has filed this *in forma pauperis* civil action against Summit County Sheriff Steve Barry and Summit County, seeking $10,000 in damages for "mental anguish." (Doc. No. 1 (Complaint).) The basis for his action is that "Sheriff Barry and the Summit County Jail housed death row inmate Lawrence Fry" in the jail with regular inmates between July13 and July 15, 2016. (*Id*. at 4.)

Although *pro se* pleadings are liberally construed and held to less stringent standards than pleadings drafted by lawyers, *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007), the lenient treatment generally accorded *pro se* plaintiffs "has limits" and *pro se* plaintiffs are "not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d

413, 416 (6th Cir. 1996) (citation omitted). Federal district courts are required under 28 U.S.C. § 1915A to screen and dismiss before service any complaint in a civil action in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010). In order to state a claim on which relief may be granted, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

The plaintiff's complaint must be dismissed pursuant to 28 U.S.C. § 1915A because it does not allege a federal claim or contain allegations reasonably suggesting a plausible federal claim against the defendants. "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987). The Eighth Amendment is concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *See Rhodes v. Chapman*, 452 U.S. 337, 348, 101 S. Ct. 2392, 69 L. Ed. 2d 59 (1981) (citation omitted). Plaintiff's allegations do not suggest such a condition. In addition, 42 U.S.C. § 1997e(e) precludes any federal claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury,"

2

*Jennings v. Mitchell*, 93 F. App'x. 723, 725 (6th Cir. 2004) (quotation marks and citation omitted), and plaintiff nowhere suggests he was subjected to any physical injury whatsoever as a result of the conditions of which he complains.

### Conclusion

Accordingly, plaintiff's complaint is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: March 23, 2017

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**